UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 22-20035
Honorable Victoria A. Roberts

DEMARIOUS COCKREAM,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION
FOR BOND PENDING SENTENCING [ECF No. 25]**

**I.    INTRODUCTION**

Before the Court is Defendant Demarious Cockream's motion for bond pending sentencing [ECF No. 25]. A hearing is unnecessary.

The Court **DENIES** Cockream's motion.

**II.    BACKGROUND**

On January 7, 2022, the government charged Cockream via complaint with violation of 18 U.S.C. 922(g)(1) – Felon in Possession of a Firearm.

A federal grand jury later returned an indictment charging Cockream with possession with intent to distribute 400 grams or more of fentanyl in

violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi) and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

Cockream appeared for a detention hearing before Magistrate Judge Anthony P. Patti on January 10, 2022. After argument from the government and defense counsel, Magistrate Judge Patti ordered Cockream detained pending trial upon finding that: (1) a presumption in favor of detention existed pursuant to 18 U.S.C. § 3142(e)(3); and (2) Cockream failed to introduce sufficient evidence to rebut the presumption in favor of detention. [ECF No. 9]. Alternatively Judge Patti found by clear and convincing evidence that no condition or combination of conditions of release could reasonably assure the safety of the community. [*Id.*; ECF No. 24, PageID.154].

Magistrate Judge Patti identified the following factors as reasons for detention: the strong weight of evidence against Cockream; Cockream is subject to a lengthy period of incarceration; Cockream's prior criminal history, lack of stable employment, and history of alcohol or substance abuse; Cockream's participation in criminal activity while on probation, parole, or supervision; and his prior violations of probation, parole, or supervised release. [ECF No. 9, PageID.34-35].

2

Judge Patti explained that the following evidence supported his finding that no condition or combination of conditions would reasonably assure the safety of the community:

> (1) [Cockream] has a previous felony conviction for carrying concealed weapons, in connection with which his parole was revoked; (2) [Cockream] was on probation at the time when he committed his prior felony; (3) [Cockream] is a daily user of marijuana and is unemployed; (4) in connection with a search warrant of his residence, [Cockream] was found in a bedroom with three cell phones, a Glock 19 handgun (with 15 rounds of ammunition and one in the chamber) by his bed, a Smith & Wesson pistol (in the closet) and $36,000 in bundled cash (in his dresser); (5) the house searched also contained more than 400 grams of fentanyl, as well as 27.5 grams of cocaine, and in a room apparently used for packaging and cutting the drugs, a vacuum sealer, a blender, sandwich baggies, a microwave, a blender and a digital scale; (6) [Cockream] is depicted in numerous photographs and a video handling or firing guns, including a rifle, including firearms with extended magazines and with conversion devices so that the firearms could be used as automatic weapons; (7) [Cockream] was observed with three other individuals firing guns at someone across the street [in December 2021]; and (8) [Cockream] appears to be escalating his criminal activity.

[ECF No. 9, PageID.35; ECF No. 24, PageID.128-29].

On May 4, 2022, Cockream pled guilty to possession with intent to distribute 400 grams or more of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi). As part of the plea agreement, Cockream acknowledged that his guilty plea to possession with intent to distribute 400 grams or more of fentanyl requires a mandatory minimum sentence of ten years of imprisonment.

Cockream filed his motion for bond pending sentencing on June 20, 2022.  The government responded. Cockream did not file a reply, and the time to do so passed.

A sentencing hearing is scheduled for September 12, 2022.

### III.  ANALYSIS

Cockream says his release on bond is appropriate because he does not pose a risk of flight or a danger to the community.  He says there are conditions the Court can impose to assure his appearance at future Court proceedings and the safety of the community.

Cockream says he already pled guilty, the weapons are no longer in his girlfriend's residence, and his girlfriend is willing to act as a custodian to make sure he follows the terms and conditions of bond.  Alternatively, Cockream says his mother is willing to allow him to stay at her residence in Jackson, Michigan.

Cockream says he has one prior adult felony conviction from 2014 for which he completed everything. Moreover, regarding the December 2021 shooting, Cockream claims "upon information and belief[] [that] it was people shooting at [him] and not the other way around."  [ECF No. 25, PageID.161].

Finally, Cockream says he has a bulging hernia for which he needs an operation; he says the operation was scheduled for July 7, 2022, and that if the operation occurs while he is in custody, he will not be able to receive any type of pain medication since that is prohibited at the jail.

Cockream's motion lacks merit.

Because Cockream has been convicted of, but is awaiting sentencing for, an offense described in 18 U.S.C. § 3142(f)(1)(C) – i.e., an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act – Section 3143(a)(2) applies.  *See* 18 U.S.C. § 3143(a)(2); § 3142(f)(1)(C).

Under § 3143(a)(2), the Court must order Cockream detained pending sentencing unless: (1) the Court "finds there is a substantial likelihood that a motion for acquittal or new trial will be granted" or "an attorney for the Government has recommended that no sentence of imprisonment be imposed on [Cockream]"; *and* (2) the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."  See 18 U.S.C. § 3143(a)(2).

Although § 3143(a)(2) provides the applicable standard, Cockream does not address this statute or the standard in his motion.  Rather,

5

Cockream merely says that he does not pose a flight risk or a danger to the community, and that conditions exist to ensure he is neither.

Because Cockream does not address the first prong of the standard under § 3143(a)(2) – i.e., the requirement that either the Court "finds there is a substantial likelihood that a motion for acquittal or new trial will be granted" or "an attorney for the Government has recommended that no sentence of imprisonment be imposed on [Cockream] – his motion fails and he is not entitled to relief.

Moreover, even if Cockream did address and establish the first prong of the standard, the Court would not revoke the detention order because Cockream fails to establish – under the second prong of § 3143(a)(2) – by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community if released.

Having considered *de novo* whether Cockream poses a danger to the community, the Court finds that he does, and that – for the same reasons Magistrate Judge Patti set forth – no condition or combination of conditions of release could reasonably assure the safety of the community.

## IV.   CONCLUSION

The Court **DENIES** Cockream's motion for bond pending sentencing [ECF No. 25].

6

**IT IS ORDERED**.

                                                                                          s/ Victoria A. Roberts
                                                                                          Victoria A. Roberts
                                                                                         United States District Judge

Dated: August 17, 2022